<div style="text-align:center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

</div>

| | |
|---|---|
| **RONALD ALEXANDER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3489** |
| **BURL CAIN, WARDEN, LA. STATE PENITENTIARY** | **SECTION "E"(4)** |

<div style="text-align:center">

**REPORT AND RECOMMENDATION**

</div>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C),** and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

**I.     Factual Background**

The petitioner, Ronald Alexander ("Alexander"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On January 7, 1998, Alexander was charged by Bill of

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 2.

Information in Orleans Parish with one count of distribution of the controlled dangerous substance, crack cocaine.[3]

The record reflects that, on October 28, 1997, Sergeant Michael Glasser and Sergeant Cindy Scanlan conducted an undercover narcotics investigation during which they drove down North Robertson Street in New Orleans.[4] When they reached the intersection at St. Phillip Street, they made eye contact with Alexander who was standing on the corner. He gestured them to pull to the curb. Alexander walked up to the car and asked what they wanted and Glasser said that they were looking for a "twenty," meaning a twenty dollar piece of crack cocaine. Glasser gave him a twenty-dollar bill that had been photocopied and recorded.

Glasser drove around the block, as directed by Alexander, and radioed a description of Alexander to other officers who were positioned nearby. Glasser and Scanlan returned to the same spot and Alexander handed Glasser a small Ziploc bag with a piece of a white substance that later tested positive for cocaine. Glasser and Scanlan pulled away and radioed other officers to advise that the transaction had been completed.

Officer Eduardo Colmenero, his partner, and three other officers participated in the arrest of Alexander based on the description given by Glasser and Scanlan. Officer Randy Loumiet searched Alexander after the arrest and found the prerecorded twenty dollar bill in his pocket.

---

[3]St. Rec. Vol. 2 of 3, Bill of Information, 1/7/98.

[4]The facts were taken from the opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Alexander*, 753 So. 2d 933, 935 (La. App. 4th Cir. 2000); St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 98-KA-1377, 2/16/00.

Alexander was tried before a jury on February 10, 1998, and was found guilty as charged.[5] On March 3, 1998, the Trial Court sentenced Alexander to 30 years at hard labor.[6] The Court also denied Alexander's Motion for Reconsideration of Sentence filed by counsel at the sentencing hearing.[7]

At the hearing, the State also filed a Multiple Bill to which Alexander entered a plea of not guilty.[8] On April 23, 1998, the Trial Court found Alexander to be a multiple offender and re-sentenced him to life imprisonment.[9]

On appeal to the Louisiana Fourth Circuit, Alexander's counsel raised four assignments of error:[10] (1) insufficient evidence to convict; (2) the Trial Court erred when it did not enter written reasons after the multiple bill hearing; (3) the Trial Court erred in finding him to be a third offender when it used a prior simple escape conviction which was based on an invalid guilty plea; (4) the life sentence was excessive.

The Louisiana Fourth Circuit affirmed the conviction and sentence finding that his first, third and fourth claims were without merit and his second claim was procedurally defaulted.[11]

---

[5]St. Rec. Vol. 1 of 3, Trial Minutes (2 pages), 2/10/98; Jury Verdict, 2/10/98.

[6]St. Rec. Vol. 1 of 3, Sentencing Minutes, 3/3/98; St. Rec. Vol. 2 of 3, Sentencing Transcript, 3/3/98.

[7]*Id*.; St. Rec. Vol. 1 of 3, Motion for Reconsideration of Sentence, 3/4/98.

[8]*Id*.; St. Rec. Vol. 1 of 3, Multiple Bill, 3/3/98.

[9]St. Rec. Vol. 1 of 3, Minutes of Multiple Bill Hearing, 4/23/98; St. Rec. Vol. 2 of 3, Transcript of Multiple Bill Hearing, 4/23/98.

[10] *State v. Alexander*, 753 So. 2d at 936-38; St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 98-KA-1377, 2/16/00; Appeal Brief, 98-KA-1377 (undated).

[11]*State v. Alexander*, 753 So. 2d at 936-38; St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 98-KA-1377, 2/16/00.

Alexander did not seek rehearing or file for timely review in the Louisiana Supreme Court.[12] Therefore, his conviction became final on March 17, 2000, which was 30 days after issuance of the appellate court's opinion and no further appellate review was available.[13] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

**II.     Procedural Background**

On April 19, 2000, Alexander filed an untimely[14] Writ Application in the Louisiana Supreme Court, which had a postmark date of March 21, 2000.[15] The Court denied the application without reasons on April 12, 2001.[16]

Over 11 months later, on March 22, 2002, Alexander filed a Uniform Application for Post Conviction Relief with the Trial Court raising the following grounds for relief:[17] (1) his due process rights were violated when he was presented to the jury wearing handcuffs; (2) his due process rights were violated because the original evidence was either altered, tampered with, or exchanged; (3) ineffective assistance of counsel before, during, and after trial; (4) the Trial Court did not have subject matter jurisdiction to conduct the multiple offender proceeding; (5) the state law under which he was found to be a multiple offender is unconstitutional; (6) a conflict of interest existed between

---

[12]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922(A).

[13]*Id.*

[14]*See* footnote 12, *supra*. This Writ Application was postmarked and filed after the 30 day period.

[15]St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2000-KO-1101, 4/19/00; St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 00-KO-1101, 4/19/00 (postmarked 3/21/00).

[16]*State v. Alexander*, 790 So.2d 2 (La. 2001); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2000-K0-1101, 4/12/01.

[17]St. Rec. Vol. 1 of 3, Uniform Application for Post Conviction Relief, 3/22/02.

counsel and the Trial Court whereby the court paid a supplemental salary to counsel; (7) his sentence is illegally lenient because the Trial Court did not indicate that it was to be served without benefit of parole; and (8) the State erroneously used an illegal predicate offense in the multiple offender proceeding. The Trial Court denied the Application without reasons on April 10, 2003.[18]

On May 29, 2003, Alexander filed an untimely[19] Writ Application with the Louisiana Fourth Circuit seeking review of the Trial Court's order.[20] The Louisiana Fourth Circuit granted the application in part on July 21, 2003, but only as to Claim No. 7, regarding the illegally lenient sentence.[21] The Court directed the Trial Court to amend its sentencing minutes to reflect that the sentence was to be served without benefit of parole, probation or suspension of sentence. The Court otherwise found Alexander's remaining claims to be without merit.

Alexander filed a timely Writ Application with the Louisiana Supreme Court on September 9, 2003, which was postmarked on August 20, 2003, in which he sought review of the denial of his post conviction claims.[22] Shortly after filing that Writ Application, Alexander returned to the Louisiana Fourth Circuit with a Writ Application seeking review of the Trial Court's amendment

---

[18]St. Rec. Vol. 1 of 3, Judgment, 4/10/03.

[19]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal. La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.

[20]St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2003-K-0970, 5/29/03.

[21]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2003-K-0970, 7/21/03.

[22]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 03-KH-2501, 9/9/03 (postmarked 8/20/03).

to the sentencing minutes issued August 18, 2003.[23] The Louisiana Fourth Circuit denied the Application as meritless on November 4, 2003.[24]

Almost one year later, on October 1, 2004, the Louisiana Supreme Court denied Alexander's pending Writ Application without reasons.[25]

### III.    Federal Petition

On January 27, 2005, Alexander filed a Petition for Federal Habeas Corpus Relief in which he raises eight grounds for relief:[26] (1) his due process rights were violated when he was presented to the jury wearing handcuffs; (2) his due process rights were violated because the original evidence was either altered, tampered with, or exchanged; (3) ineffective assistance of counsel during trial; (4) the Trial Court did not have subject matter jurisdiction to conduct the multiple offender proceeding; (5) the state law under which he was found to be a multiple offender is unconstitutional; (6) a conflict of interest existed between counsel and the Trial Court whereby the court paid a supplemental salary to counsel; (7) his sentence is illegally lenient because the Trial Court did not indicate that it was to be served without benefit of parole; and (8) the State erroneously used an illegal predicate offense in the multiple offender proceeding.

The State filed an opposition memorandum arguing that Alexander failed to exhaust three of his claims through to the state's highest court in a procedurally proper manner.[27] The State also argues that Alexander's federal petition is untimely filed.

---

[23] St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2003-K-1678, 9/23/2003.

[24] St. Rec. Vol. 3 of 3, 4th Cir. Order, 2003-K-1678, 11/4/03.

[25] St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2003-KH-2501, 10/1/04.

[26] Rec. Doc. No. 2.

[27] Rec. Doc. No. 4.

## IV.    Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[28] applies to Alexander's petition, which is deemed filed in this court under the federal "mailbox rule" on November 23, 2004.[29]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State argues that Alexander has failed to exhaust state court remedies and that his petition is untimely filed.

A review of the record as outlined in this report reflects that Alexander raised all of the claims presented in this petition to the Louisiana Supreme Court in his Writ Application filed August 20, 2003. These same claims were presented to the Trial Court in his Uniform Application for Post Conviction Relief and the Supplemental Claims thereto and to the Louisiana Fourth Circuit in the

---

[28] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[29] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Alexander's federal habeas petition on January 27, 2005, the date on which the filing fee was paid. Alexander dated his signature on the petition on November 23, 2004, which is the earliest date on which it could have been submitted to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

Writ Application filed May 29, 2003. The presentation of these claims to the Louisiana Supreme Court, after proceeding through the lower courts, satisfied the exhaustion requirement. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (noting the well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). Therefore the State's defense of failure to exhaust is without merit.

The Court must therefore consider the State's defense that Alexander's petition was not timely filed.

## V.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[30] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Alexander's conviction became final on March 17, 2000, when he did not seek timely review of his direct appeal. Under the plain language of § 2244, he had until March 17, 2001, to file a timely federal application for

---

[30]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Alexander's § 2254 petition as of that date unless he is entitled to statutory tolling.[31]

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, ___, 125 S.Ct. 1807, 1812 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

---

[31]The law also allows for the consideration of equitable tolling. The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently, and there are rare or extraordinary circumstances preventing timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001);*Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). Alexander has not alleged and the record does not reflect any basis for equitable tolling in this case. The record does not show the type of extraordinary circumstances which would warrant equitable tolling. Therefore, the Court need only determine whether Alexander is entitled to statutory tolling.

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies of documents from the record are not "applications for post-conviction or other collateral review" and therefore do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling). Similarly, requests for mandamus relief that do not challenge the conviction or seek post conviction relief are not properly filed applications for post conviction relief and will not toll the limitations period. *See Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004) (quoting


*Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003) (noting that to qualify as an application for post conviction or other collateral review, the document must state the grounds on which it is based and the relief desired and attack collaterally the relevant conviction or sentence)).

In this case, Alexander's AEDPA filing period began to run on March 18, 2000, the day after his conviction became final.  The filing period ran uninterrupted for 365 days, until Saturday, March 17, 2001, or the next business day, March 19, 2001, when it expired.  Alexander had no other properly filed state application for post-conviction relief or other collateral review pending during that period of time.

The Court is aware that Alexander filed a Writ Application with the Louisiana Supreme Court during that time period on April 19, 2000.  However, this pleading was not timely filed or postmarked within 30 days of the issuance of the underlying appellate court decision and therefore does not toll the limitations period.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is not properly filed because it is untimely, and post-conviction review is not pending for purposes of AEDPA's statute of limitations and tolling doctrines.  *Williams v. Cain*, 217 F.3d at 309-11; *see Pace*, 125 S.Ct. at 1812.  Rule X§5(a) requires that a writ application seeking review of an appellate court ruling be filed or postmarked within 30 days of the issuance of the appellate court's order.

According to the record, the Louisiana Fourth Circuit resolved Alexander's direct appeal on February 16, 2000.  Under Louisiana law, he had until March 17, 2000, to seek further review in the Louisiana Supreme Court.  Alexander's subsequent Writ Application, however, was not filed in the Louisiana Supreme Court until April 19, 2000, and bore a postmark date of March 21, 2000.  Both

dates are beyond the 30 day period allowed under La. S. Ct. R. X§5. The Writ Application was not timely and was not properly filed for tolling purposes. Therefore, Alexander is not entitled to tolling during the pendency of that application.

Even if a Court were to toll the 386 days during which the untimely Writ Application was pending, Alexander's federal petition is still untimely filed. Under an alternative calculation, the AEDPA filing period would run for three days beginning March 18, 2000, until the untimely Writ Application was mailed on March 21, 2000. It would remain tolled until that application was denied on April 12, 2001.

The filing period would begin to run again the next day, on April 13, 2001, and would do so for an additional 343 days, until March 22, 2002, when Alexander filed a Uniform Application for Post Conviction Relief in the Trial Court. That pleading remained pending until May 10, 2003, which was 30 days after it was denied by the Trial Court and he did not file for further review.

Another 18 days of the filing period would run from May 11, 2003 until he filed a Writ Application in the Louisiana Fourth Circuit on May 29, 2003.[32] The limitations period would remain tolled until October 1, 2004, when the Louisiana Supreme Court denied the subsequent Application. One day later, on October 2, 2004, or the next business day October 4, 2004, this alternative filing period would expire on its 365th day. Thus, even if the limitations period was tolled while the untimely Writ Application was pending, Alexander's federal petition which should have been filed by October 2, 2004, was not filed until November 23, 2004, pursuant to the federal mailbox rule.

---

[32] Although this application was not timely filed, it may still be considered in the tolling calculation, unlike an untimely Louisiana Supreme Court writ. The United States Fifth Circuit has held that timeliness requirement under La. App. Rule 4-3 has exceptions which allows the Louisiana circuit courts of appeal to consider an application that was not timely filed if there is a "showing that the delay in filing was not due to the applicant's fault." *See Melancon v. Kaylo*, 259 F.3d at 405; *cf. Williams v. Cain*, 217 F.3d at 309-11. This is distinct from La. S. Ct. R. X§5 which does not allow for consideration of an untimely writ application and has no such exception. *Williams v. Cain*, 217 F.3d at 309-11.

For all of the foregoing reasons, Alexander's federal habeas corpus petition, deemed filed on November 23, 2004, was filed over three and one-half years after the AEDPA filing period expired on March 17, 2001. His federal habeas petition is untimely and should be dismissed as time barred.

**VI.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Ronald Alexander's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __12th__ day of April, 2006.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**